SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
NANCY E. PRITIKIN, Cal. Bar No. 102392
npritikin@sheppardmullin.com
379 Lytton Avenue
Palo Alto, California 94301-1479
Telephone:  650.815.2600
Facsimile:  650.815.2601

ADAM R. ROSENTHAL, Cal. Bar No. 246722
ARosenthal@sheppardmullin.com
12275 El Camino Real, Suite 200
San Diego, California 92130-2006
Telephone:  858.720.8900
Facsimile:  858.509.3691

RACHEL P. HOWARD, Cal. Bar No. 273968
rhoward@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone: 310.228.3700
Facsimile:  310.228.3701

Attorneys for Defendant
SWAROVSKI NORTH AMERICA
LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE ANN GALLAGHER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SWAROVSKI NORTH AMERICA LIMITED, a Rode Island Corporation; and DOES 1 to 50, inclusive,<br><br>Defendant. | Case No. 2:19-cv-06052<br><br>[LASC Case No. 19STCV20384]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**<br><br>[Complaint Filed: June 11, 2019] |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, Defendant Swarovski North America Limited ("Swarovski" or "Defendant"), hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. Accordingly, removal is proper based on the following grounds:

## BACKGROUND

1. On or about June 11, 2019, Plaintiff Catherine Ann Gallagher ("Plaintiff") filed a Complaint against Defendant Swarovski in the Superior Court of the State of California, County of Los Angeles, Case No. 19STCV20384 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Defendant. Specifically, Plaintiff brings claims for: (1) discrimination on the basis of disability in violation of FEHA; (2) failure to provide reasonable accommodation in violation of FEHA; (3) failure to prevent discrimination in violation of FEHA; (4) retaliation for taking CFRA leave in violation of FEHA; (5) failure to engage in the interactive process in violation of FEHA; (6) wrongful termination in violation of public policy; (7) constructive discharge; (8) intentional infliction of emotional distress; (9) failure to timely produce personnel records; and (10) failure to timely produce payroll records.

**TIMELINESS OF REMOVAL**

3. On June 13, 2019, Plaintiff served Defendant with a Summons and copy of the Complaint. A true and correct copy of the Summons is attached hereto as **Exhibit B**.

4. This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper (in this case, the Complaint) that revealed this case was properly removable. 28 U.S.C. § 1446(b).

**DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

5. **Plaintiff's Citizenship:** Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff was domiciled in California while she worked for Defendant in California from March 2017 to April 2019 and she continues to be domiciled in California to date. (Compl. ¶ 1; Declaration of John Ericson ("Ericson Decl.") ¶ 4). Additionally, during her employment with Defendant, around November 2018, Plaintiff alleges she could not travel outside of Los Angeles, California. (Compl. ¶ 12(f)). Therefore, Plaintiff is a citizen of the State of California.

6. **Defendant's Citizenship:** For purposes of section 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010), "the phrase 'principal place of business' [in § 1332(c)(1)] refers to the place where a corporation's high level officers direct, control, and coordinate the

corporation's activities… [T]he 'nerve center' will typically be found at a corporation's headquarters."

7.     At the time this action was commenced in state court, Defendant Swarovski North America Limited was, and still is, a corporation incorporated under the laws of the State of Rhode Island with its principal place of business in Cranston, Rhode Island.  (Ericson Decl. ¶ 2).  Swarovski's corporate headquarters and principal place of business, i.e., it's "nerve center" where Swarovski performs executive and administrative functions, is located at 1 Kenney Dr., Cranston, RI 02920.  (*Id.* ¶ 3).  While Swarovski provides services in Los Angeles, California, Swarovski's principal place of business is not located in Los Angeles, California, and Swarovski is not a citizen of California.

8.     **Doe Defendants:** Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

9.     As set forth above, Plaintiff is a citizen of California, and Defendant is incorporated and has its principal places of business outside of California.  Accordingly, the complete diversity requirement of 28 U.S.C. § 1332(a) is satisfied.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

10.    This action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, and accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

11.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdiction threshold."  *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014).[1] Defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *Singer*, 116 F.3d at 377; *Conrad Assoc.*, 994 F. Supp. at 1198.

12. **Lost Past and Future Earnings:** Plaintiff alleges that, as a result of Defendant's conduct, she "has suffered and will suffer harm, including lost past and future income and employment benefits, damage to her career, lost wages, unpaid expenses, and penalties, as well as interest…in a sum to be proven at trial." (Compl. ¶ 13). At the time Plaintiff resigned from her employment with Defendant, Plaintiff earned approximately $91,800 per year. (Ericson Decl. ¶ 4). She pleads that her employment ended on or about April 17, 2019. (Compl. ¶ 12(m)). Plaintiff makes no allegation in her Complaint that she has found other work. Therefore, reasonably assuming it takes approximately one year to resolve this matter by trial and that Plaintiff could recover three years of future earnings, Plaintiff's claimed lost wages will easily exceed $75,000 if she prevails at trial. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (finding that the amount in controversy "easily exceeds" $75,000 when the plaintiff's salary was $39,000 per year and she would have continued working if her employment had not been terminated).

---

[1] There is no requirement at the removal stage to cite evidence to support the allegations in the removal. Rather, removal is governed by Rule 8 requiring only a "short and plain statement of the grounds for removal." *Dart Cherokee*, 135 S. Ct. at 553. Only in the event that a remand motion is filed does the court examine evidence to determine whether the basis for removal has been met. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

13. **Emotional Distress Damages**: In addition, Plaintiff alleges that, as a result of Defendant's conduct, she has "suffered physically and emotionally…[She] attended a large number of therapy sessions focused entirely on the stress and anxiety caused by her toxic work environment. Defendant's treatment also caused [her] an increase in anxiety, triggered her PTSD symptoms and caused an overall regression of her health symptoms." (Compl. ¶ 14). The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress damages in an employment case like this one. *See, e.g.*, *Wang v. Reese Scientific Corp.*, San Francisco Superior Court Case No. CGC-13-528233 (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination); *Stallworth v. City of Los Angeles*, Los Angeles Superior Court Case No. BC341480 (awarding $100,000 in emotional distress damages on discrimination and retaliation claims). Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages.

14. **Attorneys' Fees:** The Complaint also alleges that Plaintiff is entitled to recover attorneys' fees. (Compl. ¶ 19). A prevailing party on FEHA claims may be awarded attorneys' fees. Cal. Gov't Code §12965(b). Requests for attorneys' fees should be taken into account in ascertaining the amount in controversy for purposes of removal. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). Recent authority has clarified that this must include all attorneys' fees likely to be incurred ***through trial***

*of an action*. *See Fritsch v. Swift Transportation Company of Arizona*, __ F.3d ___, 2018 U.S. App. LEXIS 22036 (9th Cir. Aug. 8, 2018). If Plaintiff litigated this case through trial and prevailed, it is reasonable to assume that Plaintiff's attorneys' fees alone would exceed $75,000.

15. **Punitive Damages:** The Complaint also alleges that Plaintiff is entitled to recover punitive damages. (Compl. ¶¶ 15-18). Punitive damages should be considered when determining the amount in controversy. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (2002) (recognizing that jury verdicts in other similar cases in California "amply demonstrate the potential for large punitive damage awards in employment discrimination cases."). A conservative estimate for a punitive damages recovery is $50,000.

16. **Civil Penalties:** In Plaintiff's ninth and tenth causes of action, Plaintiff seeks separate $750 penalties for Defendant's alleged violations of Labor Code sections 1198.5 and 226, respectively. (Compl. ¶¶ 104, 110). Thus, this $1,500 total penalty is added to the amount in controversy.

17. Based on the foregoing, there is ample evidence that the amount in controversy here, based on the totality of Plaintiff's claims and prayer for relief, significantly exceeds $75,000.

## VENUE

18. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(c)(2). This action originally was brought in the Superior Court of the State of California, County of Los Angeles.

## NOTICE OF REMOVAL

19. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

20. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or

filed by Defendant are attached hereto as the following exhibits, including the Complaint (Exhibit A) and Summons (Exhibit B).

**WHEREFORE**, Defendant respectfully requests that the above action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

Dated: July 15, 2019            SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Rachel P. Howard*
NANCY E. PRITIKIN
ADAM R. ROSENTHAL
RACHEL P. HOWARD
Attorneys for Defendant
SWAROVSKI NORTH AMERICA LIMITED